COPPER CANYON LAW
43 E. 1st Avenue
Mesa, Arizona 85210
Office: (480) 833-3838
www.coppercanyonlaw.com
**For Court Use Only: docketing@coppercanyonlaw.com**
Thomas L. Brown (031017)
Thomas@coppercanyonlaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Maryann M. West, an individual, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Xavier Becerra, in his official capacity as Secretary of U.S. Department of Health and Human Services, and | |
| Francis Collins, in his official capacity as Director of the National Institutes of Health, | |
| Defendants. | |

Plaintiff, Maryann M. West, by and through undersigned counsel, hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.   Ms. West was at all times relevant herein a resident of Maricopa County, Arizona.

1

2. Defendant Xavier Becerra is the Secretary of the U.S. Department of Health and Human Services which includes the National Institutes of Health ("NIH"). He is sued in his official capacity.

3. Defendant Francis Collins is the Director of the National Institutes of Health. He is sued in his official capacity.

4. At all times relevant herein, Ms. West was an employee of NIH and worked in the NIH office located in Maricopa County, Arizona.

5. All acts, agreements, and contracts hereinafter alleged were to be substantially performed, and completed in Maricopa County, Arizona.

6. All the named Defendants herein, are intended to represent individuals acting either in their individual capacities, or as agents, representatives, directors, shareholders, or employees duly authorized and were acting within their employment with regards to the transactions hereinafter alleged.

7. Jurisdiction and venue pursuant to 42 U.S.C. § 2000e-16(b)(c) are appropriate in this Court.

**GENERAL ALLEGATIONS**

8. NIH has offices in the Phoenix area and is a federal agency.

9. The Phoenix NIH office has NIH employees from both the Phoenix Epidemiology Clinical Research Branch ("PECRB") and the Intramural Administrative Management Branch ("IAMB"), which are under the National Institute of Diabetes and Digestive and Kidney Diseases ("NIDDK") and all within NIH.

2

10. Indian Health Services is also a federal agency with offices in the Phoenix area.

11. The Indian Health Service is required by Federal law to apply Indian Preference to qualified American Indian applicants.

12. There is an Inter-Agency Agreement ("IAA") between NIDDK and IHS that allows IHS to provide up to 42 full-time equivalent employees ("FTEs") to administratively support the PECRB.

13. Under the IAA, the FTEs are employed by IHS but work exclusively in their support role with PECRB or IAMB.

14. The Administrative Officer and Administrative Assistant positions are considered support roles at PECRB and IAMB.

15. NIDDK does in fact utilize the IAA and requests that many support roles at PECRB and IAMB be filled through IHS.

16. IHS provides the workers, many of whom have been working at NIH for many years.

17. Because these FTEs are employed by IHS, Indian Preference is applied to qualified American Indian applicants applying for these roles.

18. At times, NIH contracted with IHS employees under the IAA, and then after a period of time, NIH hired the IHS employee into the role that the worker had been in under the IAA.

3

19. Because of the Indian Preference applied to qualified American Indian applicants, almost all of the IHS workers that worked at NIH under the IAA were American Indian.

20. NIH's use of the IAA has resulted in a disparate impact in the hiring and promotion of individuals applying to support roles at PECRB and IAMB who are not American Indian.

21. Ms. West worked for NIH as a Staff Assistant.

22. Ms. West is white and is a Disabled Veteran.

23. As a Disabled Veteran, Ms. West was entitled to Special Hiring Authority when applying for positions and having the opportunity to interview for positions at NIH.

24. On or about February 2020, Ms. West applied for an Administrative Officer position within NIH Phoenix office.

25. The position was posted on February 28, 2020, and closed on Tuesday, March 3, 2020.

26. Ms. West received an email from USAJOBS that she was being referred to the hiring agency.

27. Ms. West was included on the Certificate of Eligibles for the Administrative Officer position.

28. On or about June 4, 2020, Ms. West began following up and inquiring about the status of this position that she applied for.

4

29. On or about June 8, 2020, Ms. West was informed by Rebecca Borawski that the position had been filled.

30. The Administrative Officer position was filled by Michele Nelson.

31. Michele Nelson is American Indian.

32. The Administrative Officer position had been specifically opened to give Michele Nelson a position at NIH.

33. No one besides Michele Nelson was considered for the Administrative Officer position.

34. No one was interviewed for the Administrative Officer position.

35. The hiring process for the Administrative Officer position was not competitive.

36. The hiring process for the Administrative Officer position was not fair for all employees.

37. The hiring process for the Administrative Officer position was not transparent.

38. Additionally, Michele Nelson was provided work and training opportunities in an attempt to try to prepare her specifically for the Administrative Officer position. These opportunities were not provided to Michelle West or other employees.

39. When Michelle West spoke with an Charlesetta Lincoln about how to progress in her career and be promoted to the Administrative Officer position, Michelle

5

West was told that if she ever wanted to become an Administrative Officer, she would need to apply for the assistant position through IHS.

40. This was concerning to Michelle West because she is not American Indian and she would be disadvantaged as all American Indians would have hiring preference over her at HIS making it very difficult, if not impossible, for Michelle West to get the position through IHS.

41. Michele Nelson first started working at NIH under the IAA and as a IHS employee, where she was when she was hired into the Administrative Officer position at NIH.

42. The Administrative Officer position Michele Nelson was given reports to Charlestta Lincoln, who is also an Administrative Officer at IAMB.

43. Charlesetta Lincoln is also American Indian.

44. Michele Nelson, Justine Peck, and William Esquerra each report directly to Charlestta Lincoln. Each of these individuals is American Indian. Two used to work for NIH under the IAA and are not NIH employees. The third currently works for NIH under the IAA.

45. Michele Nelson also oversees many aspects of the work of two Administrative Assistants at PECRB, Charlene Gishie and Kateri Ware. Both of these individuals are also American Indian and currently employed by IHS and are working at NIH under the IAA.

46. Due to her race, Ms. West was not considered for the Administrative Officer position or given the proper evaluation and interview process.

**COUNT ONE**
**TITLE VII – DISPARATE TREATMENT RACE DISCRIMINATION**

47. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

48. Ms. West is a member of a protected class.

49. Ms. West did not receive the promotion to the Administrative Officer position.

50. Ms. West's race was a motivating factor in the defendant's decision to not promote or hire Ms. West into the Administrative Officer position.

51. Defendant, through its agents, have engaged in unlawful discriminatory actions due to Plaintiff's race with respect to her terms, conditions, privileges, and opportunities of employment in violation of Title VII.

52. These continued actions have caused severe emotional distress and financial hardship in amounts to be proven at trial.

**COUNT TWO**
**TITLE VII – DISPARATE IMPACT RACE DISCRIMINATION**

53. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

7

54. Ms. West is a member of a protected class.

55. NIH's use and application of the IAA has a significantly adverse or disproportionate impact on Ms. West's protected class.

56. This disparate impact is due to the fact that IHS is required by Federal law to apply Indian Preference to qualified American Indian applicants at IHS and this causes a disproportionate number of the employees supplied to NIH through IHS to be American Indian, at the detriment to Ms. West's protected class.

57. This disparate impact resulted in discrimination against Ms. Michelle West and resulted in Michelle West not receiving the promotion to Administrative Officer.

58. These continued actions have caused significant damage in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For compensatory, nominal, general, incidental, consequential, and punitive damages as permitted by law.

B. For interest at the highest rate allowed by law from the earliest time permitted by law until the judgment is paid in full;

C. For prejudgment and post-judgment interest in the highest amount allowed by law; and,

D. For such other and further relief as may be just and proper in law and equity.

RESPECTFULLY SUBMITTED this 21st day of December, 2021.

                        **COPPER CANYON LAW, LLC**

                        */s/ Thomas Brown*
                        Thomas Brown
                        43 East 1st Ave
                        Mesa, AZ  85210
                        *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2021, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF Registrant:


*/s/ Carolyn Button*

9